FILED IN CHAMBERS
U.S.D.C.

JAN 28 2010

JAMES ...
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No.: 1:08-CV-3067-RLV-SSC |
| IVY HALL ASSISTED LIVING, LLC, | ) ) ) ) | |
| Defendant. | ) | |

## CONSENT DECREE

This action originated with a Complaint filed by Plaintiff Equal Employment Opportunity Commission ("EEOC") on September 30, 2008. The EEOC alleged, *inter alia*, that Defendant Ivy Hall Assisted Living, LLC failed to provide Ahdaoui with a reasonable accommodation for her sincerely held religious beliefs that required that she wear a hijab and terminated her from her position as a housekeeper because of her religious beliefs in violation of Title VII.

This Court has jurisdiction of the subject matter of this action and of the parties to this action.

In its Complaint, the Commission sought make-whole relief including, but

1

not limited to, compensatory damages, punitive damages, injunctive, and other affirmative relief. The Defendant filed its Answer denying the allegations made by the Commission. Defendant disputes and denies any liability to the Commission or to any other person(s). All of the parties to this action desire to avoid the additional expense, delay, and uncertainty that would result from the continuance of this litigation and desire to formulate a plan to be embodied in this Consent Decree which will promote and effectuate the purposes of Title VII.

This Court has reviewed the terms of the proposed Consent Decree in light of the pleadings and the applicable law and regulations, and has approved this Consent Decree as one which will promote and effectuate the purposes of the Title VII.

Now, therefore, this Court, being fully advised in the premises, it is hereby ORDERED, ADJUDGED, AND DECREED:

**I.    NON-DISCRIMINATION**

Defendant, including its officers, agents, managers, supervisors, successors and assigns, and all those in active concert or participation with it, will not discriminate against any individual because of religion. Defendant agrees to comply with Title VII, and that all employment practices, including hiring, termination, and promotion, and all other terms and conditions of employment

shall and continue to be conducted in a manner that does not discriminate on the basis of religion.

## II. NON-RETALIATION PROVISION

Defendant, including its officers, agents, managers, supervisors, successors and assigns, and all those in active concert or participation with it, will not retaliate against any person because that person is a beneficiary of this Consent Decree, or has provided information or assistance, or has participated in any other manner, in any investigation or proceeding relating to this Consent Decree. Defendant agrees that it will not discriminate against any employee for engaging in protected activity under Title VII. Defendant acknowledges its obligation not to retaliate or take any adverse action against any employee or applicant in the future because any such individual has filed a charge or opposed a practice believed to be in violation of Title VII.

## III. NOTICES TO BE POSTED: INSTRUCTION TO MANAGEMENT

Upon entry of this Consent Decree and continuing until the expiration date specified in Section IX herein, Ivy Hall Assisted Living, LLC will keep posted a copy of the Notice attached to this Consent Decree (as Attachment A). The posting required by this paragraph shall be made on bulletin boards or locations selected so that each employee at this facility shall have the opportunity to observe at least one

such posting when at the facility. Ivy Hall Assisted Living, LLC will fulfill the posting requirement within fifteen (15) days of the entry of this Consent Decree and shall certify to the EEOC in writing, within thirty (30) days of such date, that posting has been accomplished.

Ivy Hall Assisted Living, LLC shall not withhold the right of the EEOC to enter upon Ivy Hall Assisted Living, LLC premises to monitor compliance with this Section. Should the Notice become defaced, marred, or otherwise unreadable, Ivy Hall Assisted Living, LLC will ensure that a new, readable copy of the Notice is posted in the same manner as heretofore specified within five (5) working days of discovering the defective Notice.

## IV.   INSTRUCTION TO MANAGEMENT

Within forty-five (45) days from the entry of this Decree, Defendant shall certify, in writing, to the EEOC that all management and supervisory personnel who are currently employed at its facility in Alpharetta, Georgia have been instructed as to the terms of this Consent Decree (other than the monetary amount of the settlement), and the full meaning of the provisions of the Notice to be posted, and that Defendant has reaffirmed with these employees that employment decisions are not to be made on any basis that is prohibited by Title VII. All written certifications required by this Section shall be addressed to: Robert

Dawkins, Regional Attorney, EEOC, Atlanta District Office 100 Alabama Street, S.W., Suite 4R30, Atlanta, Georgia, 30303.

V. **REPORTING REQUIREMENT**

For the duration of the term of this Decree, Defendant agrees that any complaint brought to the attention of management by any employee(s) against any other employee(s) or manager(s) alleging religious discrimination shall be reported to the Regional Attorney in the Atlanta District Office. Every six months for the duration of this Consent Decree, Defendant shall certify, in affidavit form, a summary report to the Regional Attorney specifying whether an employee has complained of religious discrimination. If an employee has so complained, then the summary report shall state in written affidavit form the following:

(a) The date of the complaint or report;

(b) The name of the person making the complaint or report,

(c) The name and title of the person against whom the complaint or report was made,

(d) The nature of the complaint or report,

(e) The name and title of the Defendant's official who learned of the complaint or report,

(f) What, if any, action was taken by Defendant in response to the complaint

or report (e.g. employee discipline), and

(g) A detailed narrative of how the complaint or report was resolved by Defendant. The report should be addressed to the Regional Attorney in the EEOC's Atlanta District Office at the above-referenced address.

## VI.   CHARGING PARTY'S INDIVIDUAL RELIEF:

Defendant, in settlement of all alleged claims, shall provide to Charging Party Khadija Ahdaoui the amount of Forty-Three Thousand Dollars and 00/100 ($43,000.00), issuing Ms. Ahdaoui a Form 1099 at year end for such payment. A copy of any check(s) to Ms. Ahdaoui will be mailed within five (5) working days of their initial mailing to Robert Dawkins, Regional Attorney, at the above-referenced address.

## VII.   TRAINING

Defendant shall, in an appropriate location, hold a training session for all of its managers and supervisory personnel, the cost of which is to be borne by Defendant. Said training session shall address the Defendant's equal employment opportunity obligations pursuant Title VII, including, but not limited to, Defendant's obligation to provide a reasonable accommodation to the religious beliefs of employees. The above referenced training shall be completed within sixty (60) days of the Court's entry of this Consent Decree. On or before that date,

Defendant shall certify to the Regional Attorney that such training has been completed.

Defendant shall notify the EEOC at least five (5) days in advance regarding the date(s) and time(s) the training, contemplated by this Section VII, will be accomplished. Defendant shall provide written certification to the EEOC of training completed pursuant to this Section within thirty (30) days following completion of training. The certification shall include the names and qualifications of the person(s) providing instruction, names and job titles of attendees, length of training, training topics, and any other pertinent information about the training. If written training materials are utilized, the Commission shall be supplied with a copy prior to the training.

## VIII. **PROCEDURE FOR ENFORCING COMPLIANCE**

The Commission will attempt to resolve any dispute regarding the enforcement of this Consent Decree by informal mediation and consultation before seeking enforcement through the judicial process. The Commission will notify Defendant in writing by certified mail to <u>Anthony J. Grieco,</u> if it has any reason to believe that any action or omission by Defendant is in violation of the Consent Decree. Defendant shall have thirty (30) days after the receipt of such notification to cure any such alleged deficiency, and to notify the Commission, by written

report addressed to the Regional Attorney for the EEOC's Atlanta District Office, of the measures taken to cure the alleged deficiencies. If upon receipt of Defendant's report, the Commission concludes that the deficiency has not been satisfactorily cured by the Defendant, the Commission shall seek to resolve the alleged deficiency through good faith conciliation or mediation. If the alleged deficiency is not resolved within thirty (30) days after the initiation of such good faith conciliation or mediation process, then the Commission may seek enforcement of this Consent Decree through the judicial process. Notwithstanding any of the foregoing, nothing in this agreement shall be deemed to prohibit any matter which occurred during the term of this Decree and which constitutes a dispute, as contemplated by Section VIII, from being fully and completely processed in the manner described in Section VIII, even though the dispute is not resolved within thirty (30) days of the termination of this Decree.

## IX. COMPLIANCE OFFICIAL

Anthony J. Grieco, so long as he remains in his Executive Director position for Ivy Hall Assisted Living, LLC, shall be responsible for compliance with this Consent Decree and shall also be responsible for coordinating and overseeing Defendant's compliance with this Consent Decree.

## X. TERMS OF DECREE - PERIOD OF JURISDICTION

8

This Consent Decree shall continue to be effective and binding upon the parties to this action for a period of twenty-four (24) calendar months immediately following the entry of the Decree, provided that all remedial benefits required hereby, have been received or offered prior to its expiration and provided further, that all required reports and certifications are submitted at least thirty (30) days before the expiration date of the Consent Decree. If required reports are not submitted within thirty (30) days of the expiration date or if the remedial benefits are not received or offered, the Consent Decree will be automatically extended until these provisions are completed.

This Court shall retain jurisdiction over this action for the purposes of clarifying and enforcing this Consent Decree and for any other appropriate or equitable purposes for twenty-four (24) calendar months from the date of entry of this Consent Decree unless the Court acts or the EEOC has, prior to the expiration of said twenty-four (24) month period, moved to enforce compliance with the Consent Decree. If this Court acts or the EEOC has moved to enforce compliance with this Consent Decree within this period, this Court shall retain jurisdiction of this action until all issues relating to all such motions which are made during the twenty-four (24) month period have been resolved. Therefore, this Court shall retain jurisdiction over this action, as described above, and shall dismiss this cause

with prejudice in accordance with Court procedures.

## XI.   OTHER ACTIONS

The EEOC shall not commence or prosecute against Defendant any action or other proceeding based upon any claims, demands, causes of action, obligations, damages, or liabilities that arise out of EEOC Charge Number 410-2007-02912, or this lawsuit. This Consent Decree in no way affects the EEOC's right to process any pending or future charges that may be filed against Defendant in accordance with standard EEOC procedures and to commence civil actions pursuant to Section 706 (f) of Title VII on any such charge, except that for its duration, this Consent Decree will constitute the sole basis on which the EEOC will seek relief on Decree-covered issues. Nothing in this Consent Decree shall be construed to limit or reduce Ivy Hall Assisted Living, LLC's obligation to fully comply with Title VII of the Civil Rights Act of 1964, as amended; the Genetic Nondiscrimination Act of 2008; the Equal Pay Act of 1963, as amended; the Age Discrimination in Employment Act of 1967, as amended; the Americans with Disabilities Act of 1990, as amended; or the regulations promulgated pursuant thereto. Nothing herein shall preclude the EEOC from bringing an action to enforce the provisions of this Consent Decree.

## XII. <u>COSTS AND ATTORNEY FEES</u>

The EEOC and Defendant shall each bear their own respective costs and attorneys' fees for this action.

The parties hereto and undersigned attorneys of record for the EEOC and Defendant in the above-styled action, hereby, consent to the entry of the foregoing Consent Decree.

**BY CONSENT**

| | |
|---|---|
| Counsel for Plaintiff: | **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** |

                                      */s/ Robert K. Dawkins*
Robert K. Dawkins, Esq.
Georgia Bar No. 076206
*/s/ Darin B. Tuggle*
Darin B. Tuggle, Esq.
New Jersey Bar No. 048621998
Atlanta District Office
100 Alabama Street, S.W.
Suite 4R30
Atlanta, Georgia 30303
(404) 562-6817
(404) 562-6905 (facsimile)
E-mails: Robert.Dawkins@eeoc.gov
        Darin.Tuggle@eeoc.gov

Counsel for Defendant:    **MARTENSON, HASBROUCK & SIMON LLP**

*/s/ Suzanne E. Deddish*
Marty N. Martenson
Georgia Bar No. 471100
Patricia E. Simon, Esq.
Georgia Bar No. 618233
Suzanne E. Deddish, Esq.
Georgia Bar No. 215645
3379 Peachtree Road, N.E.
Suite 400
Atlanta, Georgia 30326
(404) 909-8100
(404) 909-8120 (facsimile)
E-mails: mnmartenson@martensonlaw.com
        pesimon@martensonlaw.com
        sedeedish@martensonlaw.com

APPROVED, DONE, and SIGNED this 28th day of Jan., 2010.

_____
ROBERT L. VINING, JR.
U.S. District Judge
U.S. District Court of Georgia
Northern District of Georgia, Rome Division

13

Attachment A

**IVY HALL ASSISTED LIVING**
**NOTICE OF NON-DISCRIMINATION AND NON-RETALIATION**

TO:   ALL EMPLOYEES AT IVY HALL ASSISTED LIVING

The United States Equal Employment Opportunity Commission is responsible for enforcing several federal employment discrimination statutes: Title VII of the Civil Rights Act of 1964, as amended, which prohibits employment discrimination based on race, color, religion, sex, or national origin; the Genetic Information Nondiscrimination Act of 2008; the Age Discrimination in Employment Act, as amended; the Equal Pay Act, as amended; and the Americans with Disabilities Act.

Federal law also prohibits retaliation against any employee or applicant who files a charge of discrimination, who cooperates with an investigation of a charge, or who benefits from a charge settlement.

Ivy Hall Assisted Living, LLC fully supports and complies with federal laws in all respects and it will not take any action against employees or applicants because they have exercised their rights under the law.

Ivy Hall Assisted Living, LLC has a religious accommodation policy and an anti-retaliation policy, and Ivy Hall Assisted Living, LLC abides by the terms of those policies to ensure that employees not be subjected to religious discrimination or retaliation in the workplace.

This Notice will remain posted for twenty four (24) months.

Signed this _____ day of _____, 2009.

For:   Ivy Hall Assisted Living, LLC

DO NOT REMOVE THIS NOTICE UNTIL _____.